# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHANE SHIVERS,

        Petitioner,

v.

JOHN KERESTES, et al.,

        Respondents.

CIVIL ACTION
NO. 12-1291

## OPINION

**Slomsky, J.**                                                                                                     April 2, 2013

**I.    INTRODUCTION**

On March 8, 2012, Petitioner Shane Shivers filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On March 14, 2012, the Court referred the Petition to United States Magistrate Judge Thomas J. Rueter for a Report and Recommendation. (Doc. No. 2.) On September 18, 2012, following a review of the filings by the parties, Magistrate Judge Rueter issued the Report recommending that the Petition be dismissed as time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). (Doc. No. 18.) On October 2, 2012, Petitioner filed timely objections to the Report and Recommendation. (Doc. No. 19.) For reasons that follow, the Court will approve and adopt Magistrate Judge

Rueter's Report and Recommendation (Doc. No. 18)[1] and will deny the Petition for Writ of Habeas Corpus.[2]

## II.  FACTUAL BACKGROUND[3]

On November 12, 1997, Petitioner pled guilty to seven counts of robbery, eight counts of criminal conspiracy, and two counts of aggravated assault. (Doc. No. 10 at 3.) At the plea hearing, the Commonwealth recited the factual basis of the charges, and Petitioner signed the guilty plea agreement after reviewing it with his attorney. (Id.) Additionally, Petitioner indicated to the court that he freely consented to plead guilty, discussed the matter with his attorney, and was satisfied with his counsel's services. (Id.)

On December 31, 1997, the Honorable Paul K. Allison in the Lancaster County Court of Common Pleas sentenced Petitioner to an aggregate sentence of thirty-five to seventy years imprisonment. (Id.) Counsel for Petitioner informed him of his appellate rights and the applicable time limits to file an appeal. (Id. at 4.)

On January 9, 1998, Petitioner filed a post-sentence motion with the trial court. (Id.) On January 22, 1998, the trial court denied Petitioner's motion and he appealed. (Id.) On

---

[1] In deciding this case, the Court has considered the following: Petition and Amended Petitions for Writ of Habeas Corpus (Doc. Nos. 1, 5, 12, 13, 15, and 16), Respondents' Response in Opposition (Doc. No. 10), Petitioner's Reply (Doc. No. 11), the Report and Recommendation (Doc. No. 18), Petitioner's Objection to the Report and Recommendation (Doc. No. 19), and the pertinent state court record.

[2] Petitioner filed five amended petitions prior to the issuance of the Report and Recommendation. (See Doc. Nos. 5, 12, 13, 15, and 16.) Magistrate Judge Rueter considered all filings, noting that none of them changed the recommendation. (Doc. No. 18 at 2 n.1.) Thus, for purposes of this Opinion, the Court will refer to the filings as one Petition.

[3] The Court notes that Petitioner does not object to the factual and procedural history presented in the Report and Recommendation (Doc. No. 18) and Respondents' Response in Opposition (Doc. No. 10).

September 21, 1998, the Pennsylvania Superior Court affirmed the lower court's decision. (Id.) On October 21, 1998, after the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court had passed, Petitioner's judgment became final. (Doc. No. 10 at 5.)

On September 26, 2005, nearly seven years later, Petitioner filed a pro se petition for relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA").[4] (Id.) On December 20, 2005, the Court of Common Pleas of Lancaster County dismissed the PRCA petition as untimely and Petitioner appealed. (Id.) The Superior Court granted the appeal, vacated the trial court's order, and remanded for appointment of counsel. (Id.)

On January 22, 2007, Petitioner's appointed counsel filed a "no merit" letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988), concluding that the petition was untimely. (Id. at 6.) On March 12, 2007, the Court of Common Pleas dismissed the petition without a hearing. (Id.) Petitioner appealed to the Superior Court, which dismissed the petition as "patently untimely." (Id.) On September 30, 2008, the Supreme Court of Pennsylvania denied Petitioner's request for review. (Id.)

On June 30, 2010, the Petitioner filed a second PCRA petition, which the Court of Common Pleas dismissed as untimely on November 1, 2010. (Id. at 7.) On September 19, 2011, the Superior Court affirmed the court's dismissal. (Id. at 8.) The Pennsylvania Supreme Court denied Petitioner's request for review. (Id.)

On March 8, 2012, more than thirteen years after Petitioner's state court judgment became final, and over three years after the denial of the first PCRA petition, he filed the instant Petition for Writ of Habeas Corpus in this Court. On September 18, 2012, Magistrate Judge

---

[4] Petitioner actually labeled his state court filing a "Writ of Habeas Corpus." (Doc. No. 18 at 1.) The writ was ultimately treated by the Pennsylvania courts as his first PCRA petition, and will therefore be referred to in this Opinion as a PCRA petition.

3

Rueter recommended that the Petition be dismissed as time barred pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the local rules of this district, a district judge may designate a magistrate judge to file proposed findings and recommendations for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. "Within fourteen days after being served with a copy [of the magistrate's report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). Eastern District of Pennsylvania Local Civil Rule 72.1.IV(b) requires an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." With respect to pro se litigants, however, this rule can be relaxed. See McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (treating pro se litigant's letter to court as objection).

The district judge "shall [then] make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)). The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to

4

the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

## IV. DISCUSSION

Petitioner makes the following four objections to Magistrate Judge Rueter's Report and Recommendation:

> (1) The Petition should not be dismissed as time barred because of the United States Supreme Court's recognition of a new constitutional right in Graham v. Florida, 130 S. Ct. 2011 (2010).
>
> (2) The Report did not address constitutional deficiencies that occurred prior to Petitioner's guilty plea, which, if addressed, would have established Petitioner's actual innocence.
>
> (3) The Report erroneously rejected new, reliable evidence of Petitioner's actual innocence.
>
> (4) The Report used the wrong scope of review and failed to address Petitioner's substantive Eighth Amendment claim.

(See Doc. No. 19 at 2, 6, 16, 19.) The Court will discuss each objection individually.

### A. Objection One: Timeliness of Petition

Under Pennsylvania and federal law, collateral review of a final judgment in a criminal case must be commenced within one year unless certain exceptions apply. See 28 U.S.C. § 2244(d); 42 Pa. Cons. Stat. § 9545(b).

Here, Petitioner's state court judgment became final on October 21, 1998. He filed his first PCRA petition on September 25, 2005 — approximately seven years after his judgment became final — and filed his second PCRA petition on June 30, 2010. The Pennsylvania courts did not address the merits of Petitioner's claims because his petitions were untimely.

On March 8, 2012, the instant Petition for Writ of Habeas Corpus was filed, more than thirteen years after Petitioner's judgment became final. Magistrate Judge Rueter concluded that

the Petition was untimely. Petitioner objects to the finding of the untimeliness of his PCRA and federal habeas petitions for the following reasons.

First, Petitioner argues that his PCRA petitions were not untimely because he met the exception to the one year statute of limitations requirement embodied in 42 Pa. Cons. Stat. § 9545(b)(1)(iii). Section 9545 (b)(1)(iii) provides that the one year statute of limitations can be tolled if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." The "right asserted" by Petitioner in this case is the United States Supreme Court decision Graham v. Florida, 130 S. Ct. 2011 (2010), which, Petitioner contends, "applied a new rule of law that applies Eighth Amendment protections to all juvenile offenders" and "that the salient characteristics of juveniles now requires an offenders age" be taken into consideration by courts when sentencing juveniles. (Doc. No. 19 at 2.)

Petitioner's argument is unpersuasive. In Graham, the Supreme Court held that "for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole." 130 S. Ct. at 2030. Petitioner does not fall within the bright-line rule enunciated in Graham because he was sentenced to incarceration for thirty-five to seventy years, not life without parole. Therefore, the exception to the one year statute of limitations set forth in 42 Pa. Cons. Stat. § 9545(b)(1)(iii) does not apply in this case.

Second, Petitioner argues that his federal habeas petition was not untimely because the new constitutional right recognized in Graham required Magistrate Judge Rueter to recalibrate the one year statute of limitations to the date Graham was issued. (Doc. No. 19 at 3.) The

6

Court disagrees. 28 U.S.C. § 2244(d) codifies the statute of limitations for federal habeas petitions, and states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
> . . . .
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner's state judgment became final on October 21, 1998. As stated above, there were no "properly filed application[s] for State post-conviction or other collateral review" to stop the one year period of limitation from running. See id. § 2244(d)(2). Additionally, the holding in Graham, as explained above, does not apply to the facts of Petitioner's case, nor has the United States Supreme Court made Graham retroactive. Therefore, under § 2244(d)(1)(A), the one year statute of limitation began to run on October 21, 1998. Because the Petition was not filed until March 8, 2012, more than thirteen years later, the Petition was properly found to be time barred by Magistrate Judge Rueter.[5]

---

[5] Petitioner also claims that Magistrate Judge Rueter failed to address Commonwealth v. Knox, 50 A.3d 749 (Pa. Super. Ct. 2012), which Petitioner briefed, and the application of Knox here. (Doc. No. 19 at 5.) In Knox, the Pennsylvania Superior Court held that a mandatory sentence of life in prison without the possibility of parole for a juvenile is unconstitutional. Knox, 50 A.3d at

### B. Objections Two and Three: Actual Innocence

In an attempt to overcome the time bar, Petitioner's second and third objections assert actual innocence, which may serve, in conjunction with other circumstances, to equitably toll the statute of limitations. Magistrate Judge Rueter addressed this contention and concluded "the principles of equitable tolling do not toll the . . . statute of limitations with respect to the instant habeas petition." (Doc. No. 18 at 10.) The Court agrees.

The United States Supreme Court has held that the statute of limitations of a federal habeas petition may be subject to equitable tolling in "appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). Equitable tolling only applies if a petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (citation omitted).

Actual innocence may conceivably serve as the basis for equitable tolling, but the Third Circuit has "yet to hold that the . . . statute of limitations can be equitably tolled on the basis of actual innocence." Horning v. Lavan, 197 F. App'x 90, 93 (3d Cir. 2006); see also Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) ("Regardless of whether we adopt the contention that [petitioner's] actual innocence might permit equitable tolling, we hold that [petitioner] has not shown that the evidence he seeks to submit demonstrates that he *is* actually innocent.") (emphasis in original).

---

767. Knox has no application to the instant Petition for two reasons. First, as noted above, Petitioner was not sentenced to life in prison without parole, but to a term of thirty-five to seventy years. (Doc. No. 10 at 3.) Second, the decision in Knox establishes state law, whereas federal habeas relief can only be granted when a state court decision was "contrary to" or "an unreasonable application of, clearly established *federal law*." See 28 U.S.C. § 2254(d)(1) (emphasis added).

8

In this case, Petitioner has not sufficiently demonstrated that he is, in fact, innocent. The United States Supreme Court has held that "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Once again, Petitioner cites the holding in Graham as "new exculpatory scientific evidence validated by the U.S. Supreme Court to establish [his] actual innocence." (Doc. No. 19 at 11.) Specifically, "[t]he new evidence relied upon to support this claim of innocence is the salient characteristics of youth as defined by the Graham court." (Doc. No. 18 at 9 (citation omitted).) The Court is not persuaded the decision in Graham qualifies as evidence of innocence in this case. First, the reasoning in Graham does not constitute "new reliable evidence" under Schlup because it is does not fall into the category of physical or testimonial evidence that qualifies as exculpatory evidence. See Schlup, 513 U.S. at 324. Second, as Magistrate Judge Rueter noted, the "salient characteristics of youth" are not "new," but rather, were clearly known to the Pennsylvania courts at the time of Petitioner's guilty plea and sentencing. (Doc. No. 18 at 9.)

Petitioner also claims to have new evidence in the form of an affidavit from Jonathon Fowler, the government's "star witness," in which Fowler admits to committing perjury at the trial of Petitioner's co-defendant, Edward Wright, Jr. (Doc. No. 19 at 7-9.) Petitioner contends this admission destroys Fowler's credibility as the prosecution's key witness against him. (Doc. No. 19 at 9.) For several reasons, this evidence also fails to support a claim of actual innocence. First, Petitioner knowingly and voluntarily pled guilty with the assistance of counsel to the charges against him. (Doc. No. 10 at 3.) Petitioner did not have a trial and Fowler never

testified as a witness against him. (Doc. No. 10 at 3.) Second, the evidence is not new because the affidavit is dated August 18, 1998 and was actually used by Petitioner's co-defendant at the co-defendant's subsequent PCRA hearing. (Doc. No. 18 at 10.) Finally, the affidavit is not exculpatory as to Petitioner. (Doc. No. 18 at 10.) As Magistrate Judge Rueter notes, Fowler states in his affidavit that Petitioner "was present during the robberies and that [P]etitioner's gun was used in the commission of the robberies." (Id.) The affidavit does not meet any of the Schlup criteria for new, reliable evidence and does not support Petitioner's claim of actual innocence. Thus, Petitioner's claim of actual innocence fails and his habeas petition remains time barred under § 2244(d)(1).

### C. Objection Four: Scope of Review

Petitioner's fourth objection, liberally construed, alleges that Magistrate Judge Rueter erred by using an improper "scope of review," thereby preventing a review of Petitioner's claim that his sentence violates the Eighth Amendment as defined by the United States Supreme Court in Graham. (See Doc. No. 19 at 20, 25.) Petitioner claims that the proper standard of review for his Graham claim is de novo. (Doc. No. 19 at 25.)

As explained above, the instant Petition is time-barred under § 2244(d)(1), and therefore federal habeas law prevents the Court from reaching the merits of Petitioner's substantive claims.

Nevertheless, Magistrate Judge Rueter properly reviewed Petitioner's Graham claim. Section 2254(d)(1) instructs a federal court to review "any claim that was adjudicated on the merits in State court proceedings" for a determination as to whether the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law." Here, Magistrate Judge Rueter noted that the PCRA court, although ultimately dismissing the petition as untimely, did address Petitioner's Graham claim. (Doc. No. 18 at 5 n.4.) The PCRA court

concluded that Graham did not apply to Petitioner because he was not sentenced to life without parole. (Id.) The PCRA court's decision was not "contrary to" or an "unreasonable application of" federal law. Thus, the Court finds that Magistrate Judge Rueter properly analyzed Petitioner's Graham claim consistent with the requirements set forth in § 2254(d).

## IV. CONCLUSION

For the foregoing reasons, the Court will approve and adopt the Report and Recommendation (Doc. No. 18) and deny the Petition for Writ of Habeas Corpus (Doc Nos. 1, 5, 12, 13, 15, 16). No certificate of appealability will be issued.

An appropriate Order follows.